UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELENA OSTROVSKAYA, et al., Plaintiffs, v. ALLEGRO COZUMEL RESORT, et al., Defendants. | Case No. 18-cv-06903-HSG<br><br>**ORDER GRANTING: (1) JOINT ADMINISTRATIVE MOTION TO SEAL, AND (2) JOINT MOTION TO APPROVE MINOR'S COMPROMISE**<br><br>Re: Dkt. Nos. 43, 44 |

Pending before the Court are the joint (1) motion for approval of minor's compromise, *see* Dkt. No. 44 ("Mot."); and (2) administrative motion to file under seal, *see* Dkt. No. 43. The Court **GRANTS** the motion for approval of the minor's compromise and **GRANTS** the administrative motion to file under seal.

## I.  MOTION FOR APPROVAL OF COMPROMISE

### A.  Legal Standard

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see* Fed. R. Civ. P. 17(c) (providing that district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). When there is a proposed settlement in a suit involving a minor plaintiff, this "special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). As part of this inquiry, the "court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been

recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court must review "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But the court must disregard the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the court has "no special duty to safeguard" their interests. *Id.*

### B. Discussion

Based on its review of the parties' submissions, the Court finds that the proposed settlement is fair and reasonable and serves the best interests of the minors. The settlement provides certain recovery, as opposed to the uncertainty and delays associated with a possible unfavorable result in a case where liability is contested. The Court finds the settlement particularly fair and reasonable given the substantial difficulties and uncertainties inherent in litigating these claims, as well as the considerable efforts that went into settlement negotiations. For example, Defendants filed a colorable motion to dismiss, arguing, among other things, that this Court lacked personal jurisdiction. *See, e.g.*, Dkt. No. 27. Settling with the Defendants now and receiving the payment offered by Defendants provides the minor children with funds to compensate them for their loss.

The Court therefore **GRANTS** approval of the minors' compromise submitted by the parties and the distribution of the settlement amounts owed to the minor Plaintiffs into UMTA-CA accounts at Morgan Stanley. The Court also finds the request for approval of attorney's fees and costs to be fair and reasonable in light of the facts of this case, and approves the distribution of attorney's fees as set forth in the motion to approve minors' compromise.

## II. MOTION TO SEAL

### A. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from

the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted).

To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

**B. Discussion**

Because approval of the compromise of the action will terminate this suit, the Court will apply the "compelling reasons" standard to the parties' administrative motion to file under seal. *See Doe v. Mt. Diablo Unified Sch. Dist.*, No. 14-CV-02167-HSG, 2015 WL 5438951, at *2 (N.D. Cal. Sept. 14, 2015); *see also Keirsey v. eBay, Inc.*, No. 12-cv-1200, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement

3

1  of the case may be effectively dispositive. While the Court has not identified any authority
2  discussing the appropriate standard for a motion of this type, the Court concludes that the
3  'compelling reasons' standard is the appropriate standard.").

4  The parties have entered into a confidential settlement agreement and seek to seal limited
5  and targeted "confidential information" related to the minor Plaintiffs, as well as trade secrets and
6  information related to non-parties. *See* Dkt. No. 43 at 2-4. As the parties note, "[t]wo of the
7  Plaintiffs are minors and will not have access to the settlement funds until the age of 25 pursuant
8  to the terms of the minor's compromise motion," and these minors "should be entitled to have the
9  settlement amount redacted, as that information now constitutes their personal financial
10 information." *Id*. at 4.

11 The Court agrees, and finds that the information in the motion to seal and supporting
12 documents meets the compelling reasons standard and should thus be shielded from public
13 disclosure. Plaintiffs have made a narrowly tailored request and articulated a compelling reason to
14 seal each category of information identified. The redactions are modest, such that any interested
15 observer would be able to understand these proceedings. The motion to seal identifies "a
16 compelling reason to seal [with] tailored redactions of only the information to which that
17 compelling reason applies." *Doe*, 2015 WL 5438951, at *2.

18 Accordingly, Plaintiffs' motion to seal is **GRANTED**.

### III. CONCLUSION

For the reasons described above, the Court **GRANTS** the motion for approval of the compromise of the action and **GRANTS** the administrative motion to file under seal. This Order terminates Dkt. Nos. 9 and 27.

**IT IS SO ORDERED.**

Dated: 2/20/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

4